1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

DONTE MCCLELLON,

10

                    Plaintiff,

11

      v.

12

13

BANK OF AMERICA,

14

                  Defendant.

CASE NO. C18-0829-JCC

ORDER

15      This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 4) and

16 Defendant's motion to dismiss (Dkt. No. 6). Having thoroughly considered the parties' briefing

17 and the relevant record, the Court finds oral argument unnecessary and hereby DENIES

18 Plaintiff's motion to remand (Dkt. No. 4) and GRANTS Defendant's motion to dismiss (Dkt. No.

19 6) for the reasons explained herein.

20 **I.    BACKGROUND**

21      Plaintiff Donte McClellon ("McClellon") alleges that Defendant Bank of America

22 ("BOA") is liable for a series of fraudulent transactions from Plaintiff's checking account in

23 2017. (Dkt. No. 1-1.) In his three-page complaint, McClellon makes the following allegations

24 against BOA:

25
26

> This is an action under the Uniform Commercial Code (4.22.005 to 925) and
> Washington Consumer Protection At, RCW 19.86.020, based upon Defendant's
> blatant self-dealing and other intentional negligent misconduct in conversion,

freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization.

Plaintiff further allege that the Defendant breached the contract, failed to comply with Regulation E and committed the tort of negligence in the handling of Plaintiff's funds. The Plaintiff seeks compensatory damages and all other damages (i.e., direct and consequential damages) allowed by law, and payment of costs and attorneys' fees.

Plaintiff opened an checking account with Defendant . . . Plaintiff timely filed his good faith Regulation E claims with Defendant but the Defendant failed to protect the checking account in subject, provisional credit the Plaintiff and have those funds be accessible to him.

The fraudulent transactions at issue that took place in the checking account in subject are $123,553.15 on April 3rd, 2017 and $54,000.00 on April 18th, 2017 . . . Regulation E states that a provisional credit must be provided within 10 business days.[1]

(*Id.* at 1–2.) McClellon originally filed his complaint in King County Superior Court. (*Id.* at 1.) On June 7, 2018, BOA removed the case, citing 28 U.S.C. section 1332 as the basis for this Court's jurisdiction.[2] (Dkt. No. 1-3.) On June 12, 2018, McClellon filed a motion to remand the case to state court (Dkt. No. 4). Two days later, BOA filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted (Dkt. No. 6). The Court addresses these motions in turn.

## II.    DISCUSSION

### A.    Legal Standard for Remand

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject-matter jurisdiction or defects in the removal procedure.

---

[1] The allegations were taken verbatim from McClellon's complaint. (*See* Dkt. No. 1-1.)
[2] The case was initially assigned to Hon. Robert S. Lasnik, but was reassigned to this Court on June 26, 2018. (Dkt. No. 8.)

*See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). The Court resolves all ambiguity in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

### B.    McClellon's Motion to Remand

McClellon asserts that BOA improperly removed this case because there is not complete diversity of citizenship and the amount in controversy requirement is not met. (Dkt. No. 4 at 1–3.) McClellon, a resident of Washington, asserts that BOA is also a resident of Washington because "it regularly conducts business in the state." (*Id*. at 1.) Additionally, McClellon states that the $75,000 amount in controversy requirement is not met because his complaint "does not specify the total amount of damages that [he] seeks." (*Id*. at 3.) Both arguments are unavailing.

For the purposes of diversity jurisdiction, national banking associations are citizens of the state in which their main office is located. *See* 28 U.S.C. § 1348; *Rouse v. Wachovia Mortg.*, FSB, 747 F.3d 707, 715 (9th Cir. 2014) ("[U]nder § 1348, a national banking association is a citizen only of the state in which its main office is located.") BOA is a national bank with its main office, as set forth in its articles of incorporation, in North Carolina. (Dkt. No. 1 at 3.) Thus, there is complete diversity between the parties because McClellon is a citizen of Washington and BOA if a citizen of North Carolina. *See* 28 U.S.C. § 1332; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In determining the amount in controversy, district courts may consider "facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Id*. (quoting *Singer v.*

1 *State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).

2 Although McClellon's complaint does not state the total damages sought, it does state

3 that the alleged fraudulent transactions at issue were for $177,553.15. (Dkt. No. 1-1 at 3.)

4 McClellon asks the Court to "[o]rder Defendant to make Plaintiff whole by returning Plaintiff's

5 funds with prejudgment interest, in amounts to be determined at trial." (*Id.* at 4.) BOA also

6 points out that, after removal, McClellon moved for a default judgment in King County Superior

7 Court in the amount of $3,326,516.50. (Dkt. Nos. 9, 9-3 at 5.) The Court finds that BOA has

8 demonstrated by a preponderance of the evidence that the amount in controversy is greater than

9 $75,000.

10 The Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C.

11 section 1332. Therefore, McClellon's motion to remand is DENIED.

12 **C.      Legal Standard for Motion to Dismiss**

13 A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

14 relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must

15 contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

16 face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the

17 plaintiff pleads factual content that allows the court to draw the reasonable inference that the

18 defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true

19 a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will

20 not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249

21 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). A

22 plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than

23 labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl.*

24 *Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does

25 not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

26 unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### D. BOA's Motion to Dismiss

BOA asks the Court to dismiss McClellon's complaint because it relies on conclusory allegations and does not provide sufficient facts to demonstrate BOA is liable for any wrongdoing.[3] (Dkt. No. 6 at 2.) In his complaint, McClellon states that he had a checking account at BOA and that two fraudulent transfers were made from the account in April 2017. (Dkt. No. 1-1 at 2–3.) McClellon further alleges that BOA "failed to protect his account" after he "timely filed his good faith Regulation E claims." (*Id.* at 3.) McClellon also states that BOA engaged in "blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization." (*Id.*)

McClellon has not pled sufficient facts to demonstrate his claims against BOA are plausible. McClellon's claims are conclusory, in that they lack specific facts to show BOA was responsible for, or involved with, the alleged fraudulent transactions. For example, McClellon does not state how BOA "failed to protect" his checking account, or how it engaged in "blatant self-dealing." Such conclusions, represent "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Moreover, McClellon's vague reference to "Regulation E claims[4]" does not provide the Court, or BOA, with sufficient information to determine how BOA is liable for the claims alleged.

Even construing McClellon's complaint liberally, the Court concludes that it fails to state a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (district courts are to construe *pro se* complaints liberally). Therefore, McClellon's complaint is

---

[3] McClellon did not respond to BOA's motion to dismiss, which the Court may consider as an admission that the motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

[4] The implementing regulations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.*, are known as "Regulation E" and broadly deal with the "basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer and remittance transfer services and of financial institutions or other persons that offer these services." 12 C.F.R. § 1005.1. It is not clear from the complaint what provision of Regulation E Plaintiff is raising.

DISMISSED without prejudice and with leave to amend. If McClellon chooses to file an amended complaint, he must do so within 21 days of this order being issued. In his amended complaint, McClellon must allege facts that demonstrate BOA is liable to him for the fraudulent transfers he alleges occurred in his checking account in April 2017.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 4) is DENIED. Defendant's motion to DISMISS (Dkt. No. 6) is GRANTED. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend in accordance with the Court's order. The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 17th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE