THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE McCLELLON,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant. | CASE NO. C18-0829-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to vacate judgment and reschedule status conference (Dkt. No. 24).

On May 15, 2018, Plaintiff filed this lawsuit in King County Superior Court. (Dkt. No. 1-1 at 4.) On June 7, 2018, Defendant removed the case to this Court.[1] (Dkt. No. 1.) On June 12, 2018, Plaintiff filed a motion to remand the case to state court, which the Court denied. (Dkt. Nos. 4, 10.) On June 14, 2018, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 6.) On July 17, 2018, the Court granted Defendant's motion to dismiss, dismissing Plaintiff's complaint without prejudice and with leave to amend. (Dkt. No. 10.)

On August 7, 2018, Plaintiff filed an amended complaint. (Dkt. No. 11.) On August 21, 2018, Defendant filed a motion to dismiss the amended complaint. (Dkt. No. 12.) On October 5,

---

[1] Although initially assigned to the Hon. Robert S. Lasnik, the case was reassigned to this Court on June 26, 2018. (*See* Dkt. No. 7.)

ORDER
C18-0829-JCC
PAGE - 1

1  2018, the Court granted in part and denied in part Defendant's motion to dismiss and denied
2  Plaintiff further leave to amend. (Dkt. No. 17.) On October 16, 2018, Defendant filed its answer
3  to the amended complaint. (Dkt. No. 18.)

A status conference for this case was scheduled on November 13, 2018. (Dkt. No. 20.) Plaintiff failed to appear, and the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. (Dkt. No. 21.) Plaintiff failed to respond to the Court's order to show cause. On November 27, 2018, the Court dismissed Plaintiff's amended complaint without prejudice for failure to prosecute and entered judgment. (Dkt. Nos. 23, 24.)

On January 22, 2019, Plaintiff filed a one-page letter asking the Court to vacate its judgment dismissing his amended complaint. (Dkt. No. 25.) Plaintiff states that "he wasn't in the State of Washington on November 27th 2018." (*Id*.) Plaintiff also states that he has been "battling a chronic disease for over a year and it had intensified since Mid-October 2018 leaving [him] physically incapable to respond in a timely matter to this case and many other cases." (*Id*.) Plaintiff asks that "this matter be allowed to proceed with a rescheduled status conference." (*Id*.)

In the Ninth Circuit, *pro se* parties are held to less stringent pleading standards than attorneys. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Thus, the Court will construe Plaintiff's letter (Dkt. No. 25) as a motion to obtain relief from the Court's judgment dismissing his amended complaint. Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] any reason that justifies relief." Fed. R. Civ. P. 60(b)(1). To determine whether a party acted with excusable neglect, district courts examine: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391 (1993)).

In this case, Plaintiff has not demonstrated excusable neglect. The Court dismissed Plaintiff's amended complaint without prejudice after he failed to respond to an order to show cause regarding his failure to appear at a status conference. (*See* Dkt. No. 23.) The Court waited over two weeks before dismissing Plaintiff's complaint for lack of prosecution—longer than the 10 days specified in its order to show cause. (*See* Dkt. Nos. 23, 24.) While Plaintiff states that he was out of Washington on the day the Court dismissed his case—November 27, 2018—he does not explain why he missed the status conference and failed to respond to the Court's order to show cause. (*See* Dkt. No. 25.) Plaintiff's conclusory statement regarding his physical condition does not justify his three-month delay in responding to the Court's order to show cause. While Plaintiff does not appear to have brought this motion in bad faith, his inaction does not amount to excusable neglect under Rule 60.

Based on the length of delay and reason for that delay, the Court concludes that Plaintiff's failure to respond to the Court's order to show cause does not represent excusable neglect. *See* Fed. R. Civ. P. 60(b). Nor does the Court believe there is some other reason that justifies vacating its judgment and reinstating Plaintiff's amend complaint. *Id*. Plaintiff's motion to vacate the Court's judgment (Dkt. No. 25) is DENIED.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0829-JCC
PAGE - 3