UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE MCCLELLON,<br><br>                   Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A.,<br><br>                   Defendant. | CASE NO. C18-0829-JCC<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding pro se, filed a notice of appeal to the Ninth Circuit Court of Appeals (Dkt. 34) and a Motion and Affidavit to Proceed *in forma pauperis* (IFP) on appeal (Dkts. 35 & 39). The motion to proceed IFP was referred to the undersigned for consideration. Defendant opposes the motion. (Dkt. 40.) The Court, for the reasons set forth below, recommends plaintiff's motion for leave to appeal IFP be DENIED.

Plaintiff initially brought six cases in this Court based on similar, if not identical, allegations against different banks and financial institutions. He here alleged defendant Bank of America, N.A. ("BANA") "failed to protect" his checking account after he reported two purported

REPORT AND RECOMMENDATION
PAGE - 1

fraudulent transactions totaling some $175,00.00. (Dkt. 11.) As in other cases filed in this Court, plaintiff accuses defendant of "blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization." (*Id.* at 1.)

The Court twice dismissed the complaint with leave to amend. (Dkts. 10 & 23.) Plaintiff refiled his complaint against BANA under a different cause number in March 2019, *see* C19-0394 (Dkt. 9), and sought to appeal in the current case (Dkt. 34). He also sought to appeal IFP in and re-filed other cases. As in several of those cases, the Court here concludes the motion to appeal IFP is not brought in good faith and recommends it be denied. *See McClellon v. Capital One, N.A.*, C18-0909-JCC (Dkt. 36); *McClellon v. OptionsHouse*, No. 18-0817-JCC (Dkt. 42); *McClellon v. Wells Fargo Advisors Financial Network, LLC, et al.*, C18-0852-JCC (Dkt. 45); and *McClellon v. Citigroup Global Markets Inc.*, C18-0978-JCC.

A litigant who cannot afford to appeal may move for leave to proceed IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). However, "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A good faith appeal must seek review of at least one "non-frivolous" issue or claim. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (2002). An appeal that is frivolous is not "well taken" under the IFP statute. *See id.*

An issue or claim is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327. Factually frivolous claims are those premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios[.]" *Id.* at 327-28. The Court may consider evidence of improper

REPORT AND RECOMMENDATION
PAGE - 2

motive. *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960).

Plaintiff filed multiple nearly identical lawsuits and appeals against different banks and financial institutions. He alleges defendants' actions caused him to lose substantial amounts of money, but does not provide plausible factual allegations to support his claims. He also simultaneously depicts himself as a prolific investor in various financial endeavors in his complaints, while claiming in his IFP motions he lacks any income or sources of money or property. *See, e.g., McClellon v. Capitol One, N.A.*, C18-0909-JCC (Dkt. 36 at 3) ("The similarities among Plaintiff's multiple lawsuits provide additional evidence that Plaintiff has not brought this appeal in good faith. Although in his complaints, Plaintiff describes himself as a prolific investor in stocks (Citigroup), solar technology (Wells Fargo Financial) and cryptocurrency (Wells Fargo), he now swears in his IFP application that he does not "own or have any interest in . . . stocks, bonds, notes . . . or other valuable property", and denies that he ever had a job.")

The Court here finds plaintiff's allegations factually unsupported and his appeal not brought in good faith given the absence of at least one non-frivolous issue or claim. Plaintiff's multiple complaints with similarly unsupported allegations and inconsistent IFP filings further bolsters the conclusion this is not a good faith appeal by an indigent litigant. The Court, as such, recommends plaintiff's motion for leave to appeal IFP (Dkts. 35 & 39) be DENIED. While plaintiff may still seek to pursue his appeal, he should pay the appropriate filing fee.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your

right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 10, 2019**.

DATED this 24th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge