UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE McCLELLON,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA N.A.<br><br>  Defendant. | CASE NO. C18-0829-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's objections (Dkt. No. 42) to the report and recommendation ("R&R") (Dkt. No. 41) of the Honorable Mary Alice Theiler, United States Magistrate Judge. Having thoroughly considered the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections and ADOPTS Judge Theiler's R&R for the reasons explained herein.

I.     **BACKGROUND**

On May 15, 2018, Plaintiff filed this lawsuit in King County Superior Court. (Dkt. No. 1-1 at 4.)[1] After removing the case to this Court, Defendant moved to dismiss Plaintiff's

---

[1] This is one of six lawsuits filed by Plaintiff against various financial institutions, all of which have been adjudicated by this Court. *See McClellon v. OptionsHouse*, Case No. C18-0817-JCC, Dkt. No. 1-1 (W.D. Wash. 2018); *McClellon v. Wells Fargo Bank N.A.*, Case No. C18-0851-JCC, Dkt. No. 1-2 (W.D. Wash. 2018); *McClellon v. Wells Fargo Advisors Financial Network, et al.*, Case No. C18-0852-JCC, Dkt. No. 1-1 (W.D. Wash. 2018); *McClellon v. Capital*

complaint for failure to state a claim. (Dkt. No. 6.) The Court granted Defendant's motion to dismiss and granted leave to amend. (*See* Dkt. 10.) On August 7, 2018, Plaintiff filed an amended complaint. (Dkt. No. 11.) On August 21, 2018, Defendant filed a motion to dismiss the amended complaint. (Dkt. No. 12.) On October 5, 2018, the Court granted in part and denied in part Defendant's motion to dismiss and denied Plaintiff further leave to amend. (Dkt. No. 17.) On October 16, 2018, Defendant filed its answer to the amended complaint. (Dkt. No. 18.)

Plaintiff failed to appear to a status conference on November 13, 2018, and the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. (Dkt. Nos. 20 21.) Plaintiff failed to respond to the Court's order to show cause. On November 27, 2018, the Court dismissed Plaintiff's amended complaint without prejudice for failure to prosecute and entered judgment. (Dkt. Nos. 23, 24.)

On January 22, 2019, Plaintiff filed a one-page letter asking the Court to vacate its judgment dismissing his amended complaint. (Dkt. No. 25.) Plaintiff stated that "he wasn't in the State of Washington on November 27th 2018." (*Id.*) Plaintiff also stated that he has been "battling a chronic disease for over a year and it had intensified since Mid-October 2018 leaving [him] physically incapable to respond in a timely matter to this case and many other cases." (*Id.*) Plaintiff asked that "this matter be allowed to proceed with a rescheduled status conference." (*Id.*)

On February 22, 2019, the Court denied Plaintiff's motion to vacate, ruling that Plaintiff had not demonstrated excusable neglect warranting vacation of the Court's judgment. (Dkt. No. 28.) Plaintiff filed a motion for reconsideration, which the Court denied. (Dkt. Nos. 29, 31.)

---

*One Bank N.A.*, Case No. C18-0909-JCC, Dkt. No. 1-1 (W.D. Wash. 2018); *McClellon v. Citigroup Global Markets Inc.*, Case No. C18-0978-JCC, Dkt. No. 1-1 (W.D. Wash. 2018)..
Additionally, Plaintiff has filed three new lawsuits that allege identical claims as two of his prior lawsuits. *See McClellon v. OptionsHouse*, Case No. C19-0427-JCC, Dkt. No. 3 (W.D. Wash. 2019); *McClellon v. Bank of America N.A.*, Case No. C19-0394-JCC, Dkt. No. 9 (W.D. Wash. 2019); *McClellon v. Capital One Bank N.A.*, Case No. C19-0446-RAJ, Dkt. No. 5 (W.D. Wash. 2019).

ORDER
C18-0829-JCC
PAGE - 2

Plaintiff appealed the Court's orders dismissing his complaint, his motion to vacate, and his motion for reconsideration, along with the Court's judgment dismissing his complaint. (Dkt. No. 34.) Plaintiff moved for leave to appeal *in forma pauperis* ("IFP"). (Dkt. No. 35.) Judge Theiler's R&R recommends denying Plaintiff's request to proceed IFP, finding that Plaintiff's appeal was not taken in good faith. (*See* Dkt. No. 41.) Plaintiff filed objections to Judge Theiler's R&R (Dkt. No. 42), which the Court now reviews.

## II. DISCUSSION

In her R&R, Judge Theiler found that Plaintiff's appeal was not taken in good faith because of the procedural history of this case and Plaintiff's other related lawsuits. (Dkt. No. 41 at 2.) Judge Theiler noted that Plaintiff had "filed multiple nearly identical lawsuits and appeals against different banks and financial institutions," but that all of the complaints were based on "unsupported allegations." (*Id*. at 3.) Judge Theiler additionally noted that Plaintiff's "inconsistent IFP filings further bolsters the conclusion this is not a good faith appeal by an indigent litigant." (*Id*.)

Plaintiff asserts that Judge Theiler viewed his motion "in the light most unfavorable to [him]." (Dkt. No. 42 at 2.) Plaintiff argues that his indigency is a "settled issue" because he was previously granted IFP status in King County Superior Court. (*Id*.) He further argues that he provided sufficient information in his IFP application to demonstrate that he is indigent. (*Id*. at 2–3.) Plaintiff also argues that his appeal of this Court's prior orders is made in good faith because he has a valid basis to challenge the Court's denial of his motion to vacate. (*Id*. at 5–7.) The Court disagrees.

Judge Theiler's recommendation is not based on whether Plaintiff sufficiently pled that he is indigent. (*See generally* Dkt. No. 41.) Therefore, Plaintiff's objections regarding his indigency are not relevant to the Court's evaluation of the R&R. Rather, Judge Theiler concluded that Plaintiff's motion to appeal IFP should be denied because the appeal was not taken in good faith. (*Id*. at 1.) The Court agrees with Judge Theiler that Plaintiff's litigation conduct

demonstrates that his appeal is not taken in good faith. Plaintiff initially filed six nearly identical lawsuits alleging essentially identical claims against six separate financial institutions. *See supra* n.1. The Court dismissed several of Plaintiff's complaints with prejudice after determining that they were not meritorious, and dismissed the other complaints without prejudice because Plaintiff failed to file amended complaints, appear for status conferences, or otherwise prosecute his claims. *Compare McClellon v. Wells Fargo Bank N.A.*, Case No. C18-0851-JCC, Dkt. No. 23 (W.D. Wash. 2018) (dismissing complaint with prejudice), *with McClellon v. OptionsHouse*, Case No. C18-0852-JCC, Dkt. No. 28 (W.D. Wash. 2018) (dismissing complaint without prejudice).

The Court went on to deny Plaintiff's motions to vacate its judgments because Plaintiff provided nothing more than conclusory reasons for why he failed to appear to court, failed to amend his complaints, and failed to comply with the Court's orders to show cause why his case should not be dismissed. (*See, e.g.*, Dkt. No. 25.) Plaintiff not only appealed all of the Court's orders dismissing his complaints, but then re-filed three of his prior lawsuits. *See supra* n.1. Viewing Plaintiff's litigation conduct in total, the Court finds that Plaintiff's appeal of the Court's order is not taken in good faith. Plaintiff has not demonstrated a good faith basis to appeal the Court's order denying his motion to vacate its prior judgment.

## III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (Dkt. No. 42) and ADOPTS Judge Theiler's report and recommendation (Dkt. No. 41). The Court certifies that Plaintiff's appeal is not taken in good faith and his motion to appeal *in forma pauperis* is DENIED. The Clerk is DIRECTED to send a copy of this order to Plaintiff, Judge Theiler, and the Ninth Circuit Court of Appeals.

//

//

//

ORDER
C18-0829-JCC
PAGE - 4

1       DATED this 6th day of June 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0829-JCC
PAGE - 5